ALPHA WAKEFIELD v. THE ESTATE OF JACOB B. MERRICK.

### Contract.    Commission.    Practice.

The plaintiff effected a sale of certain real estate for M. for $22,000. under a previous agreement with M. to pay the plaintiff ten *per cent.* of the amount for which the property should be sold. M. received in part payment another piece of real estate at $7525., which was worth at the time but $4220. *Held,* that the plaintiff is entitled to ten *per cent.* of the *real* price for which the property was sold, and not of a *fictitious* price, or a price that in the trade was regarded by the parties as fictitious.

But in determining whether the price named in the contract was real or fictitious, it must be considered how the parties regarded the property received in part

payment in reference to its value. If the parties to the contract fixed upon the sum of $7525. as the price they judged it worth, that sum must be the guide, although in fact it was of less value; or if the plaintiff and M. judged it worth that price the result is the same.

It appeared that pending the negotiation M. went with the plaintiff and examined the real estate that he received in part payment, and agreed on the price at which it was taken; but the auditor did not find that they judged the property worth less than the agreed price. *Held,* that in the absence of such finding the court are not at liberty to infer it merely from the fact that it was worth less.

Where a party does not succeed in getting the judgment reversed on his exceptions, a decision of the county court upon a point not excepted to, is not open for revision in the supreme court.

Assumpsit. The case was referred to an auditor and upon his report, which is sufficiently set forth in the opinion, the court at the December Term, 1864, Barrett, J., presiding, rendered judgment for the plaintiff for $2852.96., which was ten *per cent.* of the amount for which the Island House was sold as named in the contract, with the interest, after deducting the value of the deficiency in quantity of one parcel of land received in part payment,—to which the defendant excepted.

*C. H. Chapman,* for the defendant.

*F. C. Robbins* and *J. F. Deane,* for the plaintiff.

The opinion of the court was delivered by

Peck, J. Merrick in his lifetime owned the Island House at Bellows Falls, and agreed with the plaintiff to make sale of it, and agreed to pay him for his services in so doing ten *per cent.* upon the amount for which it should be sold. The plaintiff effected a sale, and the question presented by the report on the defendant's exceptions, is, upon what sum that *per cent.* is to be computed. The auditor reports that the plaintiff effected a sale of the property to Page & Co. for $22,000. If there is nothing in the report that varies that statement for the purposes of this question, that must be regarded as the sum on which the plaintiff's commission should be computed. We must look at the whole report to determine the question in dispute. It appears that Page & Co. would not make the purchase unless Merrick would take in part payment certain parcels of real estate. By the terms of the sale Merrick did take that real estate in part payment at $7525., when in fact as the auditor finds, it was worth, at the time of the sale in question, but $4220., or $3305. less than the sum at which it

was estimated in the trade.   The balance of the price of the Island House was paid in cash securities, being $14,475.   The defendant claims that in estimating the amount for which the Island House was sold, the cash value of what Merrick received is the criterion, and not the estimated price.   If the plaintiff knowingly agreed to allow an exorbitant price for the real estate taken in part payment, and nominally put the excess over its real value upon the price of the Island House, it is clear the defendant is right in his claim.   But the report expressly negates any fraud on the part of the plaintiff.   Still if the price at which that real estate was received was a mere nominal price and so understood by the parties in the trade, or if it was then so regarded by the plaintiff and Merrick, they understanding that it was worth only about two-thirds that estimated price, the real value only should be taken in making up the sum on which the ten *per cent.* should be computed.   The agreement for ten *per cent.* on the amount for which the Island House should be sold, must be interpreted to mean the *real* price and not a *fictitious* price, a price that in the trade was regarded by the parties as fictitious.   But in determining whether the price named in the contract was real or fictitious, we must consider how the parties in their judgment regarded the property received in part payment in reference to its value.   If the parties to the contract fixed upon that sum as what they judged it worth, that sum must be the guide, although in fact it was of less value ; or if the plaintiff and Merrick judged it worth the price at which it was estimated in the contract, the result is the same.

The great difference between the contract price and the actual value tends to show that the plaintiff and Merrick considered that price nominal merely ; but this consideration is entitled to less weight from the fact that the property is not of a kind that has a fixed, definite value in market, but is that kind of property about which the judgment of men might differ widely as to its value.   Another fact appears, that is, that pending the negotiation Merrick went with the plaintiff and examined the real estate that he received in part payment, and agreed on the price at which it was taken.   The auditor does not find that the plaintiff and Merrick judged the property worth less than the agreed price.   In the absence of such finding the court are not at liberty to infer it merely from the fact that it was

worth less. If the auditor had found that it was in fact worth more than the price at which it was received, it would not have justified the court in allowing the plaintiff his ten *per cent.* on that excess, in addition to the ten *per cent.* on the $22,000., the contract price at which the Island House was sold. On the other hand the mere fact that it was of less value cannot have the effect to diminish the plaintiff's commissions. The defendant's exception therefore cannot prevail.

The county court made a deduction from the plaintiff's claim on account of one of the parcels of land which was received in part payment for the Island House, falling short in the number of acres below what the parties understood it contained at the time of the trade.. The plaintiff insists that was error, and that this court should correct it. But as the plaintiff did not except to that decision, and the defendant has not succeeded in getting the judgment reversed on his exception, that decision is not open for revision in this court. Had the defendant succeeded in reversing the judgment, it would have opened the case for this court to render such judgment as the county court ought to have rendered, upon the whole case, so far at least as relates to any question raised in the county court.

The judgment of the county court is affirmed.